**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Casaceli, | No. CV-21-01413-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Liberty Healthcare Corporation, | |
| Defendant. | |

At issue is Defendant Liberty Healthcare Corporation's Motion for Attorneys' Fees and Non-Taxable Costs (Doc. 74, Mot.), to which Plaintiff Susan Casaceli filed a Response (Doc. 77, Resp.), and Defendant filed a Reply (Doc. 80, Reply). The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court will deny Defendant's Motion.

**I.    BACKGROUND**

Plaintiff worked for Defendant, where she oversaw Defendant's compliance to its contract with the Arizona Department of Economic Security Division of Developmental Disabilities (DDD). (Doc. 1-2, Compl. ¶¶ 16, 21–27.) Beginning in March 2020, DDD employees allegedly "harass[ed] and intimidate[d]" Plaintiff and her female colleagues, which Plaintiff reported her to superiors. (Compl. ¶¶ 36–47.) Plaintiff also reported her belief that Defendant's employees were defrauding the DDD. (Compl. ¶¶ 64–76.) In June 2020, Plaintiff was placed on a performance improvement plan, and in July 2020, Plaintiff's employment was terminated. (Compl. ¶¶ 78, 88.)

Plaintiff filed a Complaint alleging five claims against Defendant: (1) wrongful termination under A.R.S. § 23-1501, (2) sex discrimination under Title VII, (3) unlawful retaliation under Title VII, (4) sex discrimination under A.R.S. § 41-1463(B)(1), and (5) retaliation under A.R.S. § 41-1464(A). (Compl.) Upon Defendant's motion, the Court granted summary judgment on all of Plaintiff's claims. (Doc. 66, Order.) Regarding the wrongful termination and retaliation claims, the Court concluded that Plaintiff failed to produce specific and substantial evidence showing that Defendant's proffered reason for terminating her employment was pretextual. (Order at 16, 21.) Regarding the sex discrimination claims, the Court concluded that Plaintiff failed to adduce evidence upon which a reasonable jury could find a pattern of harassment sufficiently severe or pervasive to alter the conditions of her employment, or that Defendant had adequate notice of a hostile work environment claim. (Order at 20.) Defendant now moves for attorneys' fees and non-taxable costs under 42 U.S.C. § 1988, seeking a total of $117,401.50.

## II.     LEGAL STANDARD

Under Local Rule of Civil Procedure 54.2, a party seeking an award of attorneys' fees and related non-taxable expenses must show that it is eligible for an award, entitled to an award, and that the requested award is reasonable. LRCiv 54.2(c). Eligibility and entitlement to an award depends on the applicable statutory, contractual, or legal authority "upon which the movant seeks an award." LRCiv 54.2(c)(1)–(2). The Court finds that Defendant complied with the requirements of 54.2 and will move forward to discuss the merits of whether Defendant is entitled to fees under 42 U.S.C. § 1988(b).

## III.    ANALYSIS

Section 1988(b) authorizes an award of attorneys' fees to the party who prevails in an action brought under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1988(b). Prevailing defendants may recover fees only for claims that are "frivolous, unreasonable, or groundless," *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), or if the plaintiff continued to litigate a federal civil rights claim after it "clearly became" frivolous, unreasonable, or groundless. *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). An action is frivolous

"when the result appears obvious or the arguments are wholly without merit." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 666 (9th Cir. 2007). District courts must assess claims at the time the complaint was filed and "must avoid '*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, [her] action must have been unreasonable or without foundation.'" *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (quoting *Warren v. City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995)).

Defendant asserts that it is eligible for an award of attorneys' fees because Plaintiff's claims were frivolous, unreasonable, and lacked foundation. (Mot. at 4.) The Court granted summary judgment on Plaintiff's wrongful termination and retaliation claims despite concluding that Plaintiff established a *prima facie* case for wrongful termination and without stating that Plaintiff had not established a *prima facie* case for retaliation. (Order at 14, 21.) Ultimately, Plaintiff failed to produce specific and substantial evidence for each of those claims showing that Defendant's proffered reason for terminating her employment was pretextual. (Order at 22.) The Court also granted summary judgment on Plaintiff's sex discrimination claims because Plaintiff failed to produce sufficient evidence upon which a reasonable jury could find that Defendant allowed its client to create an environment in which she and her female coworkers were harassed based on their sex. (Order at 22.) The Court concluded that although a reasonable jury could find that Plaintiff and her female colleagues subjectively felt their treatment was severely hostile, the record is insufficient to support a finding that a reasonable woman in their position would find it so. (Order at 19.)

However, there is a "significant difference between the bringing of cases with no foundation in law or facts at the outset and the failure to present evidence sufficient to justify relief at trial." *Mitchell v. Off. of L.A. Cnty. Superintendent of Sch.*, 805 F.2d 844, 847 (9th Cir. 1986). Assessing the claims at the time the Complaint was filed, the Court now finds that the result did not appear obvious to Plaintiff nor were her arguments wholly without merit. Defendant also argues that it is entitled to fees because Plaintiff "had every opportunity to avoid an assessment of attorneys' fees" by agreeing to a settlement. (Reply

1  at 8.) Even when Plaintiff declined Defendant's settlement offers, she may reasonably have
2  believed her claims were viable.
3        The Ninth Circuit counsels that fees may be awarded against an unsuccessful § 1983
4  plaintiff only "in exceptional circumstances." *Barry v. Fowler*, 902 F.2d at 773. The Court
5  does not find that this case presents an "exceptional circumstance" for which Defendant
6  should be awarded fees against Plaintiff, whose claims were not frivolous.
7        **IT IS THEREFORE ORDERED** denying Defendant's Motion for Attorneys'
8  Fees and Non-Taxable Costs (Doc. 74).
9        Dated this 28th day of June, 2024.

Honorable John J. Tuchi
United States District Judge